

**FILED**

KC

FEB - 4 2005

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL PREZZIA,<br>　　　Plaintiff,<br><br>　　　v.<br><br>DETECTIVE G. BUTLER, Star #21162,<br>DETECTIVE A. NAVARRETE,<br>Star #20860, OTHER UNKNOWN<br>CHICAGO POLICE OFFICERS, and the<br>CITY OF CHICAGO,<br>　　　Defendants. | )<br>)<br>)<br>) No.<br>)<br>)<br>)<br>)<br>) Jury Demand<br>)<br>) |

**05C 0708**

**JUDGE JOHN W DARRAH**

**MAGISTRATE JUDGE DENLOW**

## COMPLAINT

## COUNT I

### JURISDICTION AND VENUE

1. This Court has jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues.

2. The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

3. This is an appropriate venue because all of the alleged acts occurred within the Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

4. This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiff's constitutional rights under the Fourth Amendment as incorporated and applied to state governments through the Fourteenth Amendment to the United States Constitution.

## PARTIES

5. Plaintiff is a citizen of the United States and was a resident of Chicago, Illinois.

6. Defendants, Detectives Butler and Navarrete and other unknown Chicago police officers, were on duty and acting under color of state law at all times relevant to this Complaint.

7. The City of Chicago is a municipality organized under the laws of the State of Illinois and the employer of Detectives Butler and Navarrete and other unknown Chicago police officers.

## THE FACTUAL BASIS VIOLATION

8. On November 24, 2000, Alexander Harris was murdered at or near 1962 N. Milwaukee Avenue, Chicago, IL.

9. Shortly after the murder, Chicago police personnel questioned the Plaintiff about the murder.

10. Plaintiff resided at 2528 W. Cortland, Chicago, IL, from November of 2000 until his arrest.

11. On January 5, 2001, the defendants arrested the Plaintiff for the murder of Alexander Harris.

2

12.  Plaintiff, from November of 2000 to present was taking prescribed medication to control his cholesterol level.

13.  The Defendants did not know of any eyewitnesses to the murder of Alexander Harris.

14.  The Defendants did not have DNA from the crime scene that matched the Plaintiff.

15.  The Defendants did not have fingerprints from the crime scene that matched the Plaintiff.

16.  The Defendants did not have any hair samples from the crime scene that were similar to the Plaintiff's hair.

17.  The Defendants did not have a murder weapon (the deceased died from blunt trauma to the head) that was connected to or identified with the Plaintiff.

18.  The Defendants had no forensic evidence that linked the Plaintiff to the crime.

19.  The Plaintiff cooperated with the Defendants whenever they wished to speak to him, including the day of his arrest.

20.  The Plaintiff is a man of lower than average IQ.

21.  The Plaintiff had resided at the above-mentioned Cortland address with his parents for years prior to his arrest.

22.  The Defendants did not have probable cause to arrest Plaintiff on January 5, 2001.

3

23. The Plaintiff, only days before his arrest, had been involved in a work-related accident that resulted in a plate being placed in the big toe of his right foot.

24. The work-related accident resulted in a doctor prescribing antibiotics and a pain killer for the Plaintiff.

25. The Defendants knowingly and intentionally refused to allow the Plaintiff to take his prescribed medications after they arrested Plaintiff.

26. The Defendants then illegally and forcefully obtained a false confession from the Plaintiff for the murder of Alexander Harris.

27. The Defendants then wrote false police reports about the arrest and "confession" of the Plaintiff.

28. The Defendants had the Plaintiff charged with the murder of Alexander Harris under Case No. 01 CR 2956.

29. On October 8, 2004, Case No. 01 CR 2956 was dismissed on the motion of the Cook County State's Attorney's Office.

30. The Plaintiff was incarcerated at the Cook County Jail from the date of his arrest until the dismissal of the murder charges in October, 2004.

31. The Plaintiff had no other pending cases between January 5, 2001, and October 8, 2004.

## COUNT II - STATE MALICIOUS PROSECUTION

1-31. Plaintiff re-alleges paragraphs 1-31 of Count I as paragraphs 1-31 of Count II.

4

32.  Defendants Butler and Navarrete and other unknown Chicago police officers wrote false and misleading police reports regarding the arrest of plaintiff on January 5, 2001.

33.  Defendants knew their false police reports would be relied on by superior officers and Assistant State's Attorneys to determine charges against the plaintiff.

34.  Based on the defendants' false reports, plaintiff was charged under case number 01 CR 2956.

35.  On October 8, 2004, case number 01 CR 2956 was disposed of in favor of the plaintiff.

WHEREFORE, Plaintiff prays this Court will award him actual and punitive damages as well as costs and reasonable attorney fees against the Defendants for his false arrest.

## COUNT III - STATUTORY INDEMNIFICATION

1-35.  Plaintiff re-alleges paragraphs 1-35 of Count II as paragraphs 1-35 of Count III.

36.  At all relevant times, 745 ILCS 10/9-102 was in full force and effect.

37.  The Defendant officers were acting under color of state law and as employees of the City of Chicago.

5

WHEREFORE, Plaintiff prays the Court will award him actual damages and costs against the City of Chicago.

Respectfully Submitted,

THOMAS PETERS
KEVIN PETERS
Attorneys for Plaintiff
407 S. Dearborn, Suite 1735
Chicago, Illinois 60605
312-697-0022

6